

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

United States of America ex rel.
WAYNE EDWARDS,

        Petitioner,

v.

JERRY L. STERNES,

        Respondent.

No. 04 C 1610

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Wayne Edwards' ("Edwards") petition for writ of *habeas corpus*. For the reasons stated below, we deny Edwards' petition for writ of *habeas corpus* in its entirety.

## BACKGROUND

Following a jury trial in the Circuit Court of Cook County, Illinois, ("Trial Court") Edwards was found guilty of participating in a criminal drug conspiracy to deliver less than 10 grams of heroin and guilty of conspiring to possess 15 grams or more, but less than 100 grams, of heroin with the intent to deliver. Edwards was acquitted of conspiracy to possess 400 to 900 grams of heroin with the intent to

1

deliver. Edwards was subsequently sentenced to 30 years of imprisonment and is now serving his sentence. On October 11, 2000, Edwards filed a *pro se* post-conviction petition in Illinois state court containing several claims. Because Edwards failed to comply with provisions of the Illinois Post-Conviction Hearing Act, his post-conviction petition was denied. Edwards appealed his conviction and the denial of his post-conviction petition to the Illinois Appellate Court, First District ("Illinois Appellate Court"), which affirmed the judgment of the Trial Court. Subsequently, Edwards filed a *pro se* petition for leave to appeal to the Illinois Supreme Court, which was denied.

Edwards filed the instant petition for a writ of *habeas corpus*, originally containing claims in ten counts. Later, Edwards waived Counts V-X, leaving Counts I-IV in his *habeas* petition. Soon after Edwards filed the instant petition, he filed a successive post-conviction petition in the Illinois courts, containing several claims similar to the instant *habeas* petition. Edwards' successive post-conviction petition was denied.

## LEGAL STANDARD

A district court may entertain a *habeas corpus* petition from a "person in custody pursuant to the judgment of a State court only on the grounds that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Pursuant to 28 U.S.C. § 2254, a writ of *habeas corpus* will not be

granted unless "the applicant has exhausted the remedies available in the courts of the State; . . . or there is an absence of available State corrective process; or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C.A. § 2254 (b)(1). *A habeas corpus* petition shall also not be granted:

> on behalf of a person in custody pursuant to the judgment of a State court . . . unless the adjudication of the claim . . . (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1-2). A decision by a state court is deemed to be "'contrary to' [the U.S. Supreme Court's] clearly established precedents if it 'applies a rule that contradicts the governing law set forth in [the Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from our precedent.'" *Early v. Packer*, 537 U.S. 3, 8 (2002)(quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). A state court need not cite to Supreme Court cases in its decision, "so long as neither the reasoning nor the result of the" state court's decision contradicts such precedent. *Id.*

## DISCUSSION

In his petition for a writ of *habeas corpus*, Edwards asserts the following

3

claims: 1) the trial judge violated Edwards' sixth and fourteenth amendment rights when the trial judge threatened to give him the maximum sentence if he turned down the plea offer (Count 1), 2) his trial counsel was ineffective for failing to file a motion to quash the search warrant and suppress the evidence seized where the execution of the warrant violated the knock-and-announce rule (Count 2A), 3) his trial counsel was ineffective in failing to file a pre-trial motion to quash the search warrant and suppress evidence to present and preserve error for appellate review (Count 2B), 4) his trial counsel was ineffective because he stipulated to 41.6 grams of heroin even though the weight was not charged in the indictment (Count 3), and 5) his trial counsel was ineffective for failing to present exculpatory evidence to corroborate his defense and rebut the credibility of the State's witness on the issue of voice identification (Count 4). Respondent asserts that Edwards is procedurally defaulted from bringing these claims, arguing that Edwards failed to raise them on appeal before the appellate court. (Resp. 18).

Before state prisoners can petition for a writ of *habeas corpus* in the federal courts, they "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerkel*, 526 U.S. 838, 845 (1999). This means that the petitioner must properly assert each claim at each and every level in the state court system, either on direct appeal of his conviction or in post-conviction proceedings. *Id.* at 848-49; *see also Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th

Cir. 1992)(stating that "[p]rocedural default . . . occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court" and that "[i]ssues which were *never* raised in the state courts are the proper subject of procedural default in this collateral review under § 2254").

A federal court can review procedurally defaulted claims, however, if a petitioner "shows cause for failure to raise them at the appropriate time and actual prejudice which resulted from such failure," or if the refusal to review would result in a "fundamental miscarriage of justice." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999). A petitioner can establish cause by "showing that some type of external impediment prevented the petitioner from presenting his federal claim to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). To establish prejudice, a petitioner must show that the violation of his federal rights "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982). A miscarriage of justice exists "where 'a constitutional violation has probably resulted in the conviction of one who is actually innocent'" and the petitioner can "show that it is more likely than not that no reasonable juror would have convicted him," but for the alleged constitutional violation. *Rodriguez*, 193 F.3d at 917(quoting *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986)).

5

## I. Count 1

In Count 1, Edwards claims that "the trial judge violated the [sixth] and [fourteenth] amendment [sic] of the U.S. Constitution when he carried out his threat to give defendant the maximum if he turned down the plea offer." (Compl. 5(a)). Edwards raised the claims contained in Count 1 in a post-conviction petition for relief, which was filed in the Trial Court. (Ex. B). However, because Edwards' state petition was not supported "by affidavits, records, or other evidence" and the petition did not explain why such support was unavailable, Edwards' petition was denied by both the Trial Court and by the Illinois Appellate Court. (Ex. A 52-53).)

Under the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1 *et seq.*, a post-conviction "petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122-2. In his petition for post-conviction relief, Edwards failed to comply with this procedural requirement and, thus, the Trial Court and the Illinois Appellate Court dismissed his claims regarding the trial judge's alleged actions. Because the Illinois state courts made it clear that 725 ILCS 5/122-2 was the sole basis for their dismissal of this claim, we find that Edwards' failure to comply with 725 ILCS 5/122-2 constitutes a procedural default. *See U.S. ex rel. Hampton v. Leibach*, 347 F.3d 219, 242 (7th Cir. 2003)(holding that failure to comply with 725 ILCS 5/122-2 will be considered a procedural default in situations where, like here, "the state court actually relied on that default as an independent basis for its

decision").

Edwards argues that "the state courts have not applied the procedural default doctrine even handed as applied to petitioner's failure to provide an affidavit, records, or other evidence, or explain its absence." (Reply 8). According to the Seventh Circuit, "only a rule that was established at the time of the act said to constitute the procedural default is an 'independent and adequate state ground' that blocks federal collateral review." *Timberlake v. Davis*, 409 F.3d 819, 821 (7th Cir. 2005); *see also Ford v. Georgia*, 498 U.S. 411, 423-24 (1991)(stating that only the violation of a "firmly established and regularly followed state practice" can constitute a procedural default). While Edwards cites a handful of cases involving 725 ILCS 5/122-2 that excuse a petitioner's failure to comply with the statute, none of the cases cited involve the same factual situation as in the instant action. Furthermore, the failure to attach sufficient documentation to an Illinois post-conviction relief petition is clearly an appropriate grounds for dismissal of a petition under 725 ILCS 5/122-2. *See, e.g., People v. Johnson*, 816 N.E.2d 636, 642-42 (Ill. App. Ct. 2004)(stating that making "conclusory statements" in an Illinois post-conviction relief petition "is fatal to a postconviction petition and by itself justifies the petition's summary dismissal"); *People v. Shanklin*, 814 N.E.2d 139, 142, (Ill. App. Ct. 2004)(stating that "[t]o succeed in receiving postconviction relief, a defendant must state the ways in which his constitutional rights were violated and must provide affidavits, records, or other evidence to support the allegations or

explain why none could be obtained"); *Johnson v. Sternes*, 2004 WL 527117, at *5 (N.D. Ill. 2004)(upholding denial of post-conviction relief based on failure to comply with 725 ILCS 5/122-2). Therefore, we find that the requirements of 725 ILCS 5/122-2 are sufficiently well-established and regularly applied to be considered the basis of a procedural default.

Edwards also argues that his procedural default regarding Count 1 should be excused because he can meet the "cause and prejudice" test. *Rodriguez*, 193 F.3d at 917. To show cause, Edwards must point to "'some objective factor external to the defense [that] impeded counsel's efforts' to raise the claim in state court." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991)(citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). The Supreme Court has held that "attorney error that constitutes ineffective assistance of counsel is cause." *Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991). To establish a claim for ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient, and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). An attorney's performance will be considered deficient if it "f[alls] below an objective standard of reasonableness." *Id.* at 688. However, there is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Prejudice is established by showing "'actual prejudice' resulting from the errors of which he complains." *Id.* (citing *United States v. Frady*, 456 U.S. 152, 168 (1982)). In other

words, Edwards can establish prejudice if he shows "that there was a reasonable probability that the outcome of his trial would have been different" without his attorney's allegedly ineffective actions. *Wright v. Gramley*, 125 F.3d 1038, 104-42 (7th Cir. 1997).

Edwards, however, has already raised in Counts F and U of his successive post-conviction petition the contention that his appellate counsel was ineffective for failing to attach the necessary affidavits and this claim, along with others in the successive post-conviction petition, was denied by the Trial Court on July 14, 2004. (Ex. S 7, Ex. T). Edwards has not provided the court with any reasons to find that the state court's rejection of his ineffective assistance of counsel claim was either "contrary to, or involved an unreasonable application of, clearly established Federal law" or that it "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence . . .," 28 U.S.C. § 2254(d)(1-2), especially given the incredibly high burden that must be met to show ineffective assistance of counsel under the *Strickland* standard. Therefore, we find that Count 1 has been procedurally defaulted by Edwards and find for Respondent on Count 1.

II. Counts 2A and 2B

Edwards argues in Count 2A that his "trial counsel was ineffective in failing to file a motion to quash search warrant and suppress evidence seized in the illegal

entry in executing the warrant at plaintiff's apartment." (Compl. 5(b)). Edwards argues in Count 2B that "trial counsel was ineffective in failing to file a pre-trial motion to quash search warrant and suppress evidence to present and preserve for appellate review." (Compl. 5(c)). The claims in Count 2B stem primarily from alleged problems with the affidavit that supported the search warrant used by the police when they arrested Edwards. (Compl. 5(c)). In Edwards' first state post-conviction petition, he claimed that his trial counsel was ineffective for not raising the issues surrounding his arrest and the search warrant either before or at trial, the same issue raised in Counts 2A and 2B. (Ex. B). Edwards' post-conviction petition was denied, but Edwards did not appeal the denial of these ineffective assistance of counsel claims. (Ex. A 52)(stating that "Edwards made various other allegations [besides the issue raised in Count 1 of the instant petition] in his post-conviction petition, which he does not raise on appeal"). Since Edwards did not complete a full round of appellate review on these claims, he is procedurally defaulted from bringing Counts 2A and 2B, unless he can show cause for his failure to raise them at that time, and actual prejudice, or that the refusal to review the issues would result in a "fundamental miscarriage of justice." *See O'Sullivan*, 526 U.S. at 848 (stating that "failure to present three of [petitioner's] federal habeas claims to the Illinois Supreme Court in a timely fashion . . . resulted in a procedural default of those claims"); *Farrell v. Lane*, 939 F.2d 409, 410-12 (7th Cir. 1991) (stating that "[a] federal court cannot address the merits of constitutional claims brought in a petition

10

for habeas corpus relief unless the state courts have had a full and fair opportunity to review them" and that failure to do so will constitute a procedural default).

Edwards, however, argues that "federal review is still available [on Counts 2A and 2B] by demonstrating cause for his procedural default and actual prejudice." (Reply 12). The only impediment that Edwards cites as a reason for his failure to fully present the issues in Counts 2A and 2B to the Illinois courts is the alleged ineffective assistance of appellate counsel. (Reply 15). As stated above, counsel's performance will be considered deficient if it "f[alls] below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. However, there is a strong presumption by the court that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Furthermore, the deficient performance will prejudice the defense if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" of a different result is one sufficient to undermine confidence in the outcome. *Davis v. Lambert*, 388 F.3d 1052, 1059 (7th Cir. 2004). The prejudice component of *Strickland*, however, cannot be satisfied by mere conclusory allegations. *United States v. Farr*, 297 F.3d 651, 658 (7th Cir. 2002).

Given that we are required to presume that counsel is effective, Edwards must meet a heavy burden of proving that his counsel was ineffective. Edwards asserts that his trial counsel should have argued to suppress the search warrant

11

because the police failed to comply with the "knock-and-announce" rule when they executed the search warrant, and because the investigators allegedly perjured statements in the warrant affidavit. (Pet. 5(b), 5(c)). Edwards, however, has not demonstrated that the suppression of the seized evidence would have changed the outcome of his trial, thus prejudicing him under the cause and prejudice test. The evidence seized from the allegedly illegal search was only a small portion of the evidence presented at trial. The items seized from Edwards' home included a Mercedes Benz, $6,890 in a paper bag, $680 in a closet, $13,848 in a shoe box, numerous items of jewelry, a cellular phone, a piece of paper displaying co-defendant Ayodele Fayaode's pager number, a traffic ticket belonging to co-defendant Andre Nelson, photo albums, and a telephone tap detection device. (Ex. A 10-11). Other than the seized evidence, the jury was also provided evidence of several conversations that Edwards participated in, further proving his guilt. For example, the investigators were able to intercept several conversations including: (1) "Edwards speaking about the sale of 200 grams of heroin and stating that he would not pay the supplier until the drugs were sold," and (2) "Edwards discussing a meeting concerning the sale of 100 grams of heroin." (Ex. A at 7). Given that the government provided more incriminating evidence at trial than that obtained from the alleged illegal search and seizure, Edwards has not "undermined confidence in the outcome" of the jury trial. Furthermore, given the totality of the evidence presented against Edwards, this court does not find that its refusal to review this

claim results in a fundamental miscarriage of justice. Therefore, because Edwards has not established that his trial counsel was deficient, and that the exclusion of the seized evidence would have changed the outcome of his trial, Edwards is procedurally defaulted from bringing Counts 2A and 2B.

III. Counts 3 and 4

In Count 3, Edwards claims that "trial counsel was ineffective where he stipulated to 41.6 grams of weight not charged in the grand jury indictment." (Pet. 5(d)). In Count 4, Edwards claims that "where voice identification was the main issue at trial: trial counsel was ineffective for failing to present available evidence of the state's attorney's office pen-link records and other exculpatory evidence to corroborate petitioner's defense and rebut the state's witness credibility of voice identification of defendant at trial and in a motion to suppress the wire tap tapes, pre-trial." (Pet. 5(e)). Edwards raised the allegations contained in Counts 3 and 4 in his first post-conviction petition in the Trial Court. (Ex. B). However, like the issues contained in Counts 2A and 2B, Edwards did not raise the alleged ineffectiveness of his counsel for stipulating to the drug weight or for allegedly failing to raise certain claims relating to the wiretap evidence either on appeal or in his successive post-conviction petition. (Ex. A 52)(Ex. S). Edwards provides absolutely no arguments upon which this court could excuse a procedural default based on a showing of cause and prejudice, a miscarriage of justice, or a showing that the Trial Court's dismissal

of Edwards' ineffective assistance of counsel claim alleged in Counts 3 and 4 was contrary to established federal law. Edwards has failed to give the state courts "a full and fair opportunity to review" his constitutional claims, thereby procedurally defaulting such claims. *Farrell*, 939 F.2d at 410-12. Therefore, we find for Respondent on Counts 3 and 4.

## CONCLUSION

Based on the foregoing analysis, we deny Edwards' petition for a writ of *habeas corpus* in its entirety.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: December 13, 2005