IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States of America ex rel. )
WAYNE EDWARDS, )
 )
      Petitioner, )
 )
v. ) No. 04 C 1610
 )
JERRY L. STERNES, )
 )
      Respondent. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Wayne Edwards' ("Edwards") motion for the issuance of a certificate of appealability. For the reasons stated below, we deny the motion.

## BACKGROUND

Following a jury trial in the Circuit Court of Cook County, Illinois ("Trial Court"), Edwards was found guilty of participating in a criminal drug conspiracy to deliver less than 10 grams of heroin and guilty of conspiring to possess 15 grams or more, but less than 100 grams, of heroin with the intent to deliver. Edwards was also acquitted of conspiracy to possess 400 to 900 grams of heroin with the intent to

1

deliver. Edwards was subsequently sentenced to 30 years of imprisonment and is now serving his sentence. On October 11, 2000, Edwards filed a *pro se* post-conviction petition in Illinois state court containing several claims. Because Edwards failed to comply with provisions of the Illinois Post-Conviction Hearing Act, his post-conviction petition was denied. Edwards appealed his conviction and the denial of his post-conviction petition to the Illinois Appellate Court, which affirmed the judgment of the Trial Court. Subsequently, Edwards filed a *pro se* petition for leave to appeal to the Illinois Supreme Court, which was denied.

Edwards then filed a petition for a writ of *habeas corpus* in this court, which originally contained claims in ten counts. On February 22, 2005, we granted Edwards' request to voluntarily dismiss Counts 5-9, leaving Counts 1-4 in his *habeas* petition. On December 13, 2005, we denied Edwards' petition for a writ of *habeas corpus*, finding that his remaining claims were procedurally defaulted. Edwards is now seeking a certificate of appealability.

## LEGAL STANDARD

In order to appeal the denial of a petition for writ of *habeas corpus*, a petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c); *Montgomery v. Davis*, 362 F.3d 956, 957 (7th Cir. 2004). A court should only issue a certificate of appealability "if the applicant has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDonnell*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

## ANALYSIS

In the instant motion, Edwards is seeking a certificate of appealability on each of the claims that he originally raised in his federal habeas petition, including Counts 5-10, which Edwards voluntarily dismissed. Because Counts 5-10 were not a part of the petition that this court ruled on in December 2005, Edwards' request for a certificate of appealability on those claims is denied.

Edwards is also seeking a certificate of appealability on Counts 1-4 of his *habeas* petition, which allege that: 1) the trial judge violated Edwards' sixth and fourteenth amendment rights when the trial judge threatened to give him the maximum sentence if he turned down the plea offer (Count 1), 2) his trial counsel was ineffective for failing to file a motion to quash the search warrant and suppress the evidence seized where the execution of the warrant violated the knock-and-announce rule (Count 2A), 3) his trial counsel was ineffective in failing to file a pre-trial motion to quash the search warrant and suppress evidence to present and

3

preserve error for appellate review (Count 2B), 4) his trial counsel was ineffective because he stipulated to 41.6 grams of heroin even though the weight was not charged in the indictment (Count 3), and 5) his trial counsel was ineffective for failing to present exculpatory evidence to corroborate his defense and rebut the credibility of the State's witness on the issue of voice identification (Count 4). Edwards' motion for the issuance of a certificate of appealability advances no arguments whatsoever regarding whether he has made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), or that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" than the court did in its December 13, 2005, opinion denying Edwards' habeas petition. *Slack*, 529 U.S. at 484. Accordingly, we deny Edwards' motion for the issuance of a certificate of appealabilty.

## CONCLUSION

For the foregoing reasons, we deny Edwards' motion for the issuance of a certificate of appealability.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 24, 2006